NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

FABIAN FLORES, *Appellant.*

No. 1 CA-CR 25-0279

FILED 03-03-2026

Appeal from the Superior Court in Maricopa County
No. CR2024-106711-001
The Honorable Christina Henderson, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jesse Finn Turner
*Counsel for Appellant*

-------------------------

## MEMORANDUM DECISION

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Angela K. Paton and Judge Jennifer M. Perkins joined.

-------------------------

**C A T L E T T**, Judge:

¶1        Fabian Flores ("Flores") appeals his convictions and sentences for misconduct involving weapons.  Counsel for Flores filed a brief under *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969), certifying that, after diligently searching the record, counsel found no arguable question of law that was not frivolous.  Counsel asks this court to search the record for arguable issues.  *See Penson v. Ohio*, 488 U.S. 75 (1988); *State v. Clark*, 196 Ariz. 530, 537 ¶ 30 (App. 1999).  Flores had an opportunity to file a supplemental brief; he did not do so.  After independently reviewing the record, we affirm Flores' convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2        We view the evidence in the light most favorable to upholding the jury's verdicts.  *See State v. Rios*, 255 Ariz. 124, 127 ¶ 2 (App. 2023).

¶3        On February 10, 2024, Glendale police officers witnessed Flores driving recklessly through a parking lot.  Officers approached his vehicle from the driver and passenger sides and asked whether he had any weapons in the vehicle.  Flores replied that he had no weapons.  But the officer on the passenger's side saw a firearm in a beer box on the passenger seat.  The officer seized the firearm, and Flores began making statements that the firearm was neither stolen nor loaded.  Flores was subsequently arrested, during which he told the officers, "I'm a felon."

¶4        The State charged Flores with misconduct involving weapons based on being a prohibited possessor (count 1) and misconduct involving weapons based on Flores' response to officers about not possessing a weapon (count 2).  *See* A.R.S. §§ 13-3102(A)(1)(b), (A)(4), (M).  The State also alleged that Flores had two prior felonies.

¶5        At a preliminary hearing, Flores was present and pleaded not guilty.  The court informed Flores that he must be present at all hearings.  Otherwise, a bench warrant could be issued, and the State could try him in

absentia. When asked if he understood, Flores replied, "I won't miss any court dates. I understand clearly." That same day, Flores signed a final release order, outlining his court dates and the importance of attending all hearings. At a settlement conference, the court again notified Flores that he must attend all court proceedings, or he could be tried in absentia.

¶6 Flores was present at an April 22 trial setting conference when the court set trial for May 1, 2025. But starting on April 23, 2025, Flores stopped appearing in court. When Flores did not appear on the first day of trial and his attorney could not contact him, the court issued a bench warrant and proceeded with trial. Flores remained absent throughout trial.

¶7 During trial, a detective testified that he and his partner saw a firearm in a beer box in Flores's vehicle after Flores failed to truthfully notify them of its presence. The detective also testified about statements Flores made during his arrest, including admitting he was a "convicted felon." The State introduced a redacted minute entry from 2016 stating Flores previously pleaded guilty to multiple felonies and a Department of Corrections Rehabilitation & Reentry "master record file" stating he completed his sentence in 2024. A detective identified Flores as the individual referenced in the documents. Additionally, the State provided a certified copy of a document from the Clerk of the Superior Court stating a search found no record that Flores had applied to restore his firearm rights.

¶8 The jury found Flores guilty on both counts of misconduct involving weapons. Four days after trial, police arrested Flores. At his partial bond forfeiture and partial bond exoneration hearing, Flores claimed he was absent from trial because he did not have a phone to verify his court dates or arrange travel to the courthouse.

¶9 Flores was in custody and present for his sentencing and trial on priors. The court found clear and convincing evidence that Flores had two historical prior felonies that occurred within ten years of the current charges. On count 1, the court sentenced Flores to ten years in the Arizona Department of Corrections Rehabilitation & Reentry, with 56 days credit for presentence incarceration. On count 2, the court sentenced Flores to 56 days in jail to run concurrently with count 1.

¶10 Flores timely appealed. We have jurisdiction. *See* A.R.S. §§ 12-120.21(A)(1), 13-4031, 13-4033(A)(1).

## DISCUSSION

**¶11** We have read and considered counsel's brief and have independently reviewed the record for any arguable issues. *See Leon*, 104 Ariz. at 300. We find none.

**¶12** Flores was represented by counsel at all critical stages of the proceedings. A defendant's failure to appear may voluntarily waive his presence "if the defendant had actual notice of the date and time of the proceeding, notice of the right to be present, and notice that the proceeding would go forward in the defendant's absence." Ariz. R. Crim. P. 9.1. The court does not abuse its discretion in proceeding with a trial in absentia where a defendant fails to appear at trial after being properly notified. *See State v. Sanderson*, 182 Ariz. 534, 541 (App. 1995). Here, Flores signed a release order outlining his court dates and times and warning him of the consequences for not appearing. The court gave these same warnings at his preliminary hearing and settlement conference, to which he responded, "I won't miss any court dates. I understand clearly." After police arrested Flores post-trial, he told the court he missed trial because he did not have a phone to verify court dates or arrange a ride to court. But he was aware of his trial date because he was present when the court set it. The court did not abuse its discretion in finding that Flores voluntarily waived his presence and therefore could be tried in absentia.

**¶13** The record reflects that the superior court afforded Flores his constitutional and statutory rights and conducted the proceedings consistent with the Arizona Rules of Criminal Procedure. The evidence at trial was sufficient to support the jury's verdict and the court's sentences. The sentences fall within the range prescribed by law, with proper credit given for presentence incarceration. *See* A.R.S. § 13-703(J) (ten-year presumptive sentence). We find no error.

## CONCLUSION

**¶14** We affirm Flores' convictions and sentences. With the filing of this decision, defense counsel's obligation to represent Flores in this appeal will end after informing Flores of the outcome and his future options, unless counsel discovers an issue appropriate for a petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). On the court's own motion, Flores has 30 days from the date of this decision to proceed with a *pro se* motion for reconsideration or petition for review.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR